**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
JUDGE CHRISTINE M. ARGUELLO**

Criminal Action No. 20-cr-00317-CMA-GPG-01

UNITED STATES OF AMERICA,

      Plaintiff,

v.

BEAU AARON HOWARTH,

      Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO REVIEW DETENTION ORDER
AND SUPPLEMENTAL MOTION TO REVOKE DETENTION ORDER**

---

      This matter is before the Court on Defendant's Motion to Review Detention Order (Doc. # 18) and Supplemental Motion to Revoke Detention Order (Doc. # 23) (together, the "Motions"). The Motions seek review of the operative Order of Detention in this case, entered by Magistrate Judge Gordon P. Gallagher on September 29, 2020. (Doc. # 9.) For the following reasons, the Motions are denied.

## I.    BACKGROUND

      In the Indictment filed on October 2, 2020, Mr. Howarth was charged with one count of knowing and intentional possession with intent to distribute more than 1 kg of a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi). (Doc. # 10.)

On September 29, 2020, Magistrate Judge Gallagher held a detention hearing. No testimony was presented, although both parties presented argument. Neither party contests that the charge against Mr. Howarth carries a mandatory minimum sentence of ten years imprisonment and that there is a presumption of detention. Magistrate Judge Gallagher, after appropriately considering the factors set forth in the Bail Reform Act, found that Mr. Howarth was both a flight risk and a danger to the community. As such, Magistrate Judge Gallagher ordered that Mr. Howarth be detained. *See* (Doc. # 9).

In the instant Motions, Mr. Howarth moves this Court, pursuant to 18 U.S.C. § 3145(b), to revoke the Detention Order and release Mr. Howarth pending trial "on a personal recognizance or unsecured bond with conditions."

## II.    <u>STANDARD OF REVIEW</u>

The Court's review of a magistrate judge's order of detention is *de novo. See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). Under this standard of review, the Court must judge the issues anew, but in so doing, the Court may utilize the factual and evidentiary record developed during the detention hearing before Magistrate Judge Gallagher. The Court, however, must reach its own findings of fact and conclusions of law. *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985) (finding that on *de novo* review, a district court "should not simply defer to the judgment of the magistrate, but reach its own independent conclusion").

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person

2

and the community." 18 U.S.C. § 3142(e); *id.* § 3142(b), (c). The government has the burden of proof. It must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and convincing evidence. *Cisneros*, 328 F.3d at 616 (citations omitted).

### III.   DISCUSSION

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of a defendant and the safety of the community:

(1) **The nature and circumstances of the offense charged**, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or **involves** a minor victim or **a controlled substance**, firearm, explosive, or destructive device;

(2) **the weight of the evidence against the person**;

(3) the history and characteristics of the person including-

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g) (emphases added).

In the instant case, the Court has conducted a *de novo* review of this matter,

including review of the transcript of the hearing held by Judge Gallagher on September 29, 2020, and review of the Defendant's Motions and the Government's Response thereto (Doc. # 27). Following its review, the Court finds that the Section 3142(g) factors weigh in favor of continued detention, i.e., despite the fact that Mr. Howarth has a minimal criminal history and is a long time resident of Colorado, these factors are outweighed by nature and circumstances of the offense charged and the weight of the evidence against Mr. Howarth. The Court finds that the facts demonstrate by a preponderance of the evidence that Mr. Howarth poses a risk of flight and by clear and convincing evidence that Mr. Howarth is a danger to the community. The Court further finds that there are no conditions of release that will reasonably assure the appearance of Mr. Howarth and the safety of the community if he is released.

The third factor of Section 3142(g) —i.e., the history and characteristics of the person (including the person's past conduct, history relating to drug and alcohol abuse, and criminal history) weighs in favor of Mr. Howarth because he has only a minimal criminal history and has longstanding ties to the Colorado community. However, the remaining factors, in particular, the nature and circumstances of the offense charged and the weight of the evidence against the defendant, weighs heavily in favor of continued detention. In this case, Mr. Howarth has been charged with one count of knowing and intentional possession with intent to distribute more than one kilogram of a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi). Mr. Howarth's possession of these drugs was discovered as a result of a traffic stop of a van being driven by Mr. Howarth and a subsequent canine alert. As a result of a search

of the van, the police found 10 packages of heroin with a total weight of approximately 11.75 kilograms and three packages containing 20,000 counterfeit fentanyl pills. As Magistrate Judge Gallagher found, this is an enormous amount of drugs. In fact, it is twelve times the 1 kilogram minimum that Congress found merited a mandatory minimum sentence of ten years imprisonment. Moreover, it wasn't as if these drugs had just been placed into the van without Mr. Howarth's knowledge as to the contents and the amount of the drugs. His personal possessions were in the same bag that contained the drugs. The Court discounts the telephone conversations that are referenced by the Government because it is not clear what those calls reference. Nonetheless, contrary to Defendant's assertion, Magistrate Judge Gallagher did not engage in speculation when he stated that it defied common sense to think that Mr. Howarth would be entrusted with transporting such a substantial amount of drugs if this was his first involvement in transporting the drugs for the people from whom he received the drugs. As Magistrate Judge Gallagher noted, the illegal drug trade is a business and, as with any business, one has to build trust with their business partners or supervisors before they are entrusted with such significant business assets.

As such the Court finds that, on balance, the Section 3142(g) factors weigh in favor of continued detention. The Court finds that the record demonstrates by a preponderance of the evidence that Mr. Howarth poses a risk of flight and that no condition or combination of conditions will reasonably assure the appearance of Defendant Howarth. The record further demonstrates by clear and convincing evidence

that Mr. Howarth is a danger to the community and no condition or combination of conditions will reasonably assure the safety of the community.

## IV.   **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Review Detention Order (Doc. # 18) and Defendant's Supplemental Motion to Revoke Detention Order (Doc. # 23) are DENIED.

DATED:  January 5, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

6